54 February 20, 2025 No. 118

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KENNETH CHARLES JUTTNER,
*Defendant-Appellant.*

Klamath County Circuit Court
20CR68560; A178271

Marci Warner Adkisson, Judge.

Argued and submitted January 22, 2024.

Anne Fujita Munsey, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Erica L. Herb, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Powers, Presiding Judge, Hellman, Judge, and Armstrong, Senior Judge.

POWERS, P. J.

Reversed and remanded.

**POWERS, P. J.**

In this criminal case, defendant appeals from a judgment of conviction for four counts of first-degree sexual abuse. Defendant challenges the trial court's ruling that his statements in an interview with military agents were admissible. Defendant contends that he unequivocally invoked his right to silence and thus that all statements made after his invocation should have been suppressed. In the alternative, defendant argues that, even if his invocation was equivocal, the agent's follow-up statements were not permissible clarifying questions. As explained below, we agree with defendant's alternative argument and conclude that the agent's statements following what we presume to be an equivocal invocation were impermissible. Accordingly, we reverse.

The pertinent facts are undisputed and relatively few. Defendant was identified in a child exploitation investigation in Pennsylvania, and he was taken into custody by the Naval Criminal Investigative Service (NCIS). Special Agents Garcia and Salis, who interviewed defendant, advised him of his *Miranda* rights using a standard form. Defendant told them that he understood his rights and initialed an enumeration of his rights listed on the form.

Garcia then asked defendant whether he agreed to speak with the NCIS agents. Defendant responded by saying, "No, because I don't even," and then he gestured with his hand toward a document detailing the allegations against him. Garcia, who testified at the suppression hearing that he thought that defendant did not understand the charges, responded by telling defendant, "I can't explain these allegations to you until you decide to speak to us. So, I am not allowed to ask you any kind of questions or anything like that. We can't have a conversation about this until you agree to waive your rights and speak to us." Defendant was silent for about a half a minute, and then Garcia said, "Tell you what, we can have a conversation. You can terminate this interview at any time you want. But until you waive your rights, we can't have a conversation about these allegations." Defendant then began to sign the form, and Garcia stopped him and instructed defendant to read the last paragraph out loud. Defendant read the last paragraph, which explained

that he was waiving his rights to silence and to an attorney. Defendant then initialed and signed the waiver, and Garcia and Salis proceeded to interview defendant about the substance of the allegations.

Ultimately, defendant was charged by a secret indictment with counts of sodomy in the first degree and sexual abuse in the first degree for conduct that occurred in Oregon. As part of the criminal proceedings, the state moved for a "Jackson/Denno" hearing to determine the admissibility of statements made by defendant to law enforcement during the investigation. *See Jackson v. Denno*, 378 US 368, 376-77, 84 S Ct 1774, 12 L Ed 2d 908 (1964) (holding that, where a criminal defendant challenges the voluntariness of statements made to officials that the state seeks to admit at trial, the Due Process Clause of the Fourteenth Amendment to the United States Constitution requires the trial court to hold "a fair hearing and a reliable determination on the issue of voluntariness"). The trial court determined that defendant initially indicated that he was not willing to talk to Garcia because he did not understand the allegations and that Garcia made clarifying statements to explain why Garcia could not talk about the allegations unless defendant waived his rights. The court concluded that defendant knowingly, intelligently, and voluntarily waived his rights, and that all statements were admissible. The case proceeded to a jury trial. After the state called its first witness, the parties settled: defendant agreed to enter into a conditional guilty plea to four counts of first-degree sexual abuse, ORS 163.427, while preserving his right to appeal the ruling after the Jackson/Denno hearing.[1] The court accepted the plea and entered the judgment of conviction. This timely appeal follows.

On appeal, defendant raises a single assignment of error and contends that his statement, "No, because I don't even," was an unequivocal invocation of his right to silence and that all questioning should have ceased at that point. Alternatively, defendant argues that his statement was at least an equivocal invocation and that Garcia's response

---

[1] ORS 163.427 has been amended since the underlying conduct in this case. Or Laws 2021, ch 82, § 7.

that he would like to talk to defendant about the allegations was not the type of clarifying statement the law permits. The state remonstrates that defendant's "No, because I don't even" statement, along with his gesture, constituted an equivocal invocation and argues that, given the totality of the circumstances, Garcia's responses properly clarified defendant's intent.

We review for legal error. *State v. Roberts*, 291 Or App 124, 129, 418 P3d 41 (2018) (reviewing the invocation question for legal error); *State v. Acremant*, 338 Or 302, 321-22, 108 P3d 1139, *cert den*, 546 US 864 (2005) (reviewing a trial court's conclusions on the waiver of the right to counsel for legal error).

If a defendant's invocation is unequivocal, then the interrogation must cease immediately; however, if the invocation is equivocal, an officer is permitted to either "(1) stop the interrogation or (2) ask the defendant neutral follow-up questions intended to clarify the equivocal nature of [the] defendant's statement." *State v. Joaquin*, 307 Or App 314, 320-21, 476 P3d 1263 (2020) (internal quotation marks omitted; brackets in *Joaquin*). Moreover, "[a]ny questioning not reasonably designed to clarify the equivocal nature of the statement is impermissible." *State v. Schrepfer*, 288 Or App 429, 436, 406 P3d 1098 (2017).

As an initial matter, we need not decide whether defendant's "No, because I don't even" statement was unequivocal because it was, at the very least, an equivocal invocation of his right to silence. *See Roberts*, 291 Or App at 132 (explaining that an invocation is equivocal "when the suspect's statement or request is subject to more than one reasonable interpretation, one of which is that [he, she, or they are] invoking the right" at issue). Thus, the issue becomes whether Garcia's further interview of defendant was reasonably designed to clarify the equivocal nature of defendant's statement. As explained below, we agree with defendant's argument that Garcia's responses went beyond the permissible bounds of seeking clarification.

Here, Garcia's two statements following defendant's "No, because I don't even" statement do not constitute

clarifying statements or questions. That is, even if Garcia was confused as to whether defendant wanted to waive his rights, Garcia did not use neutral, clarifying questions to clear up any confusion on Garcia's part. Instead, Garcia pressed defendant to speak about the allegations when he told defendant, "I can't explain these allegations to you until you decide to speak to us," and then interjected after a short pause, "Tell you what, we can have a conversation. You can terminate this interview at any time you want. \*\*\*." Although it is arguable that Garcia's statement informing defendant that they could not "have a conversation about this until" defendant agreed to waive his rights could be considered clarifying, the context of Garcia's response to defendant's equivocation is better viewed as encouraging or pressuring defendant to rethink his invocation and to waive his rights. *See Joaquin*, 307 Or App at 323 (explaining that "police do not satisfy their obligations in the face of an equivocal invocation simply by repeating a suspect's rights while keeping the suspect talking" and that "continued questioning must clarify whether a suspect invoked" the right, "not provide an opportunity to rethink it"). Therefore, we reverse the trial court's contrary conclusion and remand to allow defendant to decide whether to withdraw his conditional guilty plea. *See State v. Leach*, 294 Or App 639, 646, 432 P3d 310 (2018) (explaining that we have consistently declined to engage in a harmless error analysis in appeals arising from conditional pleas under ORS 135.335(3)).

Reversed and remanded.